WATSON v. DILTZ. ·

CRIMINAL LAW—PATERNITY—TIME OF CONCEPTION—VARIANCE.
Finding of trial court that defendant was father of plaintiff's child where complaint alleged that conception occurred on or about March 8 and at trial complainant testified it occurred on a Sunday near the middle of March *held*, not clearly erroneous; all the statute requires is that the complaint state the time of conception as near as possible (CLS 1961, § 722-.714).

·Appeal from Genesee, Baker (John W.), J. ·Submitted Division 2 October 10, 1968, at Lansing. (Docket No. 3,505.) Decided October 21, 1968.

Arthur Diltz was found to be the father of plaintiff's child. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler, Donald A. Wascha,* and *Paul G. Miller, Jr.,* Assistant Prosecuting Attorneys, for the people.

*Douglas H. P. Hall,* for defendant.

PER CURIAM. Defendant was tried by the court without a jury on a charge of paternity and found to be the father of plaintiff's child. The complaint

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading § 370 *et seq.*

alleged the conception occurred on or about the 8th day of March, 1962. At trial, the plaintiff testified the conception occurred on a Sunday near the middle of March. March 8, 1962 fell on Thursday. On appeal, defendant claims this variance is fatal.

CLS 1961, § 722.714(d), as amended by PA 1962, No 238 (Stat Ann 1968 Cum Supp § 25.494[d]) requires the complaint to state time of conception "as near as possible." This record discloses no fatal variance.

The finding by the trial judge that defendant is the father of plaintiff's child is not clearly erroneous. GCR 1963, 517.1.

Affirmed.

QUINN, P. J., and HOLBROOK and VANDER WAL, JJ., concurred.